**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| 856 Greene Avenue Properties LLC, | ) |  |
|  | ) | Case no. 23-41636-ess |
| Debtor. | ) |  |
|  | ) |  |

---------------------------------------------------------

### OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION TO EMPLOY NORTHGATE REAL ESTATE GROUP AS BROKER

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, hereby objects (this "Objection"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014, and Rule 2014-1(b) of the Local Bankruptcy Rules for the Eastern District of New York, to (i) the application (EFC No. 16, the "Application") filed by 856 Greene Avenue Properties LLC (the "Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), for entry an order authorizing the employment of Northgate Real Estate Group ("Northgate") as broker to the Debtor, and (ii) approval of the proposed Retention Agreement attached as <u>exhibit A</u> to the Application (the "Retention Agreement"); and in support of the Objection, respectfully represents as follows:

### PRELIMINARY STATEMENT

The United States Trustee has no objection to the Debtor retaining Northgate as its broker under a standard real estate listing agreement, under which Northgate would be entitled to a percentage-based commission if it successfully markets and sells the Debtor's property. The United States Trustee does object, however, to Northgate's proposed Retention Agreement—

1

which appears to be a template that it routinely uses with clients in bankruptcy—because it includes numerous forms of compensation that are not market terms for real estate listing agreements in a non-bankruptcy context, and not reasonable. The terms to which the United States Trustee objects include (collectively, the "Non-Market Terms"):

- A minimum $100,000 fee that would be earned by Northgate when the Debtor signs the Retention Agreement—regardless of the work performed by Northgate, its success in locating a purchaser for the Property, and a closing of a sale of the Property (the "Minium Fee");

- A fee equal to 6% of the amount of any new mortgage obtained by the Debtor if the Debtor decides to refinance rather than sell the Property—regardless of the work performed by Northgate and its role (or lack thereof) in assisting the Debtor in obtaining the new mortgage (the "Refinancing Fee");

- A fee equal to 20% of any discount provided by the Debtor's secured lender if the lender agrees to a short-payoff of the mortgage—regardless of the work performed by Northgate and its role (or lack thereof) in assisting the Debtor to obtain the short-pay-off agreement (the "Short Payoff Fee"); and

- A fee equal to 20% of the proceeds received by the Debtor's estate in the event the secured creditor agrees to make a payment to the Debtor in exchange for transfer of title to the Property via a deed-in-lieu of—regardless of the work performed by Northgate and its role (or lack thereof) in assisting the Debtor to obtain the deed-in-lieu payment (the "Deed-in-Lieu Fee").

The United States Trustee has raised informal objections to the Non-Market Terms in this and other cases pending before this Court, but Northgate has refused to make any changes to its

standard template of Retention Agreement. Instead, after push back from the United States Trustee and extensive negotiations among parties, Northgate has agreed in this and a few other cases to scale back some of the Non-Market Terms on a one-off basis. As a result of this approach by Northgate, many cases, including this one, have been delayed. The United States Trustee believes that guidance from the Court is necessary at this point to avoid further delay. The United States Trustee respectfully requests that the Court conduct an evidentiary hearing on the Application and Retention Agreement and United States Trustee's objections thereto, and enter a decision or facilitate a resolution as to what is—and what is not – appropriate in Northgate's real estate broker retention agreement. Such a determination could also serve as guidance for other real estate brokers seeking retention in bankruptcy cases before this Court.

## BACKGROUND

1. On May 10, 2023, the Debtor filed this Bankruptcy Case. *See* ECF No. 1.

2. On July 14, 2023, the Debtor filed its schedules of assets and liabilities. *See* ECF no. 15. Based on the Debtor's schedules, its assets primarily consist for the real property located at 856 Greene Avenue, Brooklyn, New York 11221 (the "Property") which the Debtor scheduled as having a value of $5 million. *See* ECF No. 15.

3. On July 17, 2023, the Debtor filed the Application to retain Northgate as broker to sell the Property, and a declaration in support of the Application signed by signed by Greg Corbin, the President of Northgate (the "Declaration"). *See* ECF No. 16. The Retention Agreement was filed as an exhibit to the Application. *See* ECF No. 16.

4. The Application and Corbin Declaration both fail to disclose the Non-Market Terms included in the Retention Agreement.

5.      Counsel to the United State Trustee communicated objections to the Application to the Debtor's counsel via email and at status hearings before the Court.

6.      In connection with this and other cases, counsel to the United States Trustee has offered to meet with Northgate to attempt to negotiate the terms of a retention agreement which would resolve the concerns of the United States Trustee, but Northgate failed to accept this offer and appears unwilling to make any changes to its retention agreement.

7.      Northgate's refusal to modify its Retention Agreement and the United States Trustee's unwillingness to sign-off on the Non-Market Terms has resulted in this case being delayed for many months.

8.      On February 9, 2024, the Debtor filed a *Supplemental Declaration of Greg Corbin in Further Support of Debtor's Motion to Retain Northpoint Real Estate Group* (ECF No. 40, the "Supplemental Declaration"). In the Supplemental Declaration, Mr. Corbin argues that various components of the Non-Market Terms have been approved by courts in other bankruptcy cases.

9.      While counsel to the United States Trustee has not had a chance to review all the cases listed in the Supplemental Objection, it believes that, in many of those cases, the applications to retain Mr. Corbin's firm and Mr. Corbin's declarations in support of the applications, like the Application and Declaration here, failed to disclose the Non-Market Terms. *See e.g., In re 4112 Realty LL*C, case No. 23-42768 (Bankr. E.D.N.Y.), ECF no. 33.

**OBJECTION**

**I.      Legal Standards.**

Under section 327(a) of the Bankruptcy Code, a chapter 11 debtor, subject to the Court's approval, "may employ one or more attorneys . . . that do not hold or represent an interest

adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties under this title." 11 U.S.C. § 327(a).  To be retained under section 327(a) of the Bankruptcy Code, proposed counsel to a debtor-in-possession "must be both disinterested and not hold or represent any interest adverse to the estate." *In re Black & White Stripes*, LLC, 623 B.R. 34, 50 (Bankr. S.D.N.Y. 2020). The twin requirements of section 327(a) "serve the important policy of ensuring that all professionals appointed pursuant to [the section] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994).

Under rule 2014 of the Federal Rules of Bankruptcy Procedure, an application to employ a professional under section 327 of the bankruptcy code must disclose, among other things, "any proposed arrangement for compensation." Fed. R. Bankr. P. 2014. Under Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York, an application to employ a professional person must, in addition to the requirements of Bankruptcy Rule 2014, disclose "the terms and conditions of the employment, including the terms of compensation such as whether payment will be based on an hourly or monthly fee, or contingent fee or fixed fee" and "all compensation paid or promised to the professional person in contemplation of or in connection with the services to be performed, and the specific source of such compensation." E.D.N.Y. LBR 2014-1(b).

"Real estate brokers, though not specifically named in Rule 2014, have long been held to be professionals who need first be retained and their employment approved pursuant to section 327(a), in order to receive compensation." *In re Begun*, 162 B.R. 168, 180 (Bankr. N.D. Ill 1993) (disallowing 50% of real estate broker's commission where it failed to comply with the

5

requirements of Bankruptcy Rule 2014(a)). In determining if a real estate broker's compensation is reasonable, court have considered "(1) the reasonableness of the fee, in light of what would have been paid in a transaction occurring in the open marketplace; (2) the amount in the estate from which such a payment can be made; (3) the amount of time and expense put into the sale of the Property by the Broker; (4) the amount brought into the estate by the sale; (5) the difficulty of finding a buyer for the Property; and (6) the amount which might be left to pay off other creditors after the Broker's fees and other administrative expenses are paid." *Id.* at 176 (citations omitted).

## II.     Application Should be Denied Because Non-Market Terms Were Not Disclosed.

Under Bankruptcy Rule 2014 and E.D.N.Y. LBR 2014-1(b), the Debtor and Northgate were required to disclose—in their application and declaration—all compensation promised to Northgate under the Retention Agreement. The Debtor's application to retain Northgate, however, only discloses that "inter alia, that upon closing of a sale, Broker will receive a commission in the amount of six (6%) percent of the gross sale proceeds."  The Application fails to disclose, let alone explain and justify, all the other forms of compensation included in the Retention Agreement, including the Non-Market Terms.  The Declaration signed by Mr. Corbin likewise fails to disclose and explain the Non-Market Terms. The United States Trustee submits that filing the Retention Agreement as an exhibit to the Application did not meet the letter or spirit of the disclosure requirements of the Bankruptcy Rules and Local Rules with respect to the compensation for which approval is sought. The Debtor and Northgate had an affirmative duty to disclose all the terms of their agreement in the Application. Their failure to disclose, explain and justify the Non-Market Terms and other non-standard elements of the proposed broker retention is grounds for denial of the application.

**III.     Approval of the Retention Agreement Should be Denied Because Non-Market Terms are Not Market in a Non-Bankruptcy Context and are Not Reasonable.**

The United States Trustee respectfully submits that the Court should decline to approve the Application or Retention Agreement because the Non-Market Terms are not market in a non-bankruptcy context, and not reasonable. The United States Trustee believes that, in a non-bankruptcy context, New York City property owners rarely or never agree to pay a minimum fee to a real estate broker even if the property never sells. Northgate has failed to provided evidence of non-bankruptcy listing agreements for a comparable properties that include a minimum fee, let alone that such terms are standard in the real estate market. Likewise, the United States believes that, in a non-bankruptcy context, property owners are highly unlikely to agree to pay a broker fee if they decide not to sell the property and instead obtain a refinancing loan, short payoff agreement or deed-in-lieu agreement without the broker's assistance.  Northgate has failed to provided evidence of non-bankruptcy listing agreements for a comparable property that include these types of fees or that they are standard in the real estate market.

In addition to the Non-Market Terms, the United States Trustee submits that other provisions of the Retention Agreement should not be approved, including: (i) the indemnification provision that could potentially burden the estate with Northgate's costs and attorneys' fees without further review or approval by the Court, and (ii) the provisions that would bind a chapter 7 trustee upon conversion, or chapter 11 trustee if one is appointed, to the Non-Market Terms.  If the Bankruptcy Case is converted to chapter 7, for example, and the trustee decides to abandon rather than sell the property, the estate should not be required to pay Northgate a $100,000 Minimum Fee. The Non-Market Terms appear designed to ensure Northgate collects a large

commission at the expense of the Debtor's flexibility to reassess the best path forward for its estate and creditors.

Northgate recently filed a supplemental declaration in support of the Application in which it cites to numerous bankruptcy cases in which courts have approved its retention. The United States Trustee does not dispute that Northgate is well-respect broker with extensive experience in bankruptcy sales. The numerous cases in which Northgate has been retained, however, are not precedent nor even probative with respect to approval of the Non-Market Terms to which the United States Trustee objects, for the following reasons:

**First**, the United States Trustees believes that—like here—the retention applications filed in many of those cases did not disclose the Non-Market Terms in the application or supporting declaration; instead, they were buried in retention agreements attached as an exhibits to the backs of the applications.

**Second**, while bankruptcy courts have entered orders approving Northgate's retention in numerous other cases, Northgate fails to cite any bankruptcy court decisions that **awarded** Northgate compensation based on the Non-Market Terms. In other words, Northgate fails to cite decisions that reviewed, found reasonable, and awarded Northgate a Minimum Fee, Refinancing Fee, Short Payoff Fee or Deed-in-Lieu Fee.

**Third**, the applicable standard for professional compensation in a bankruptcy is that the compensation must reflect market-terms in a **non-bankruptcy context**. It is well settled that a debtor's attorney cannot change one hourly outside of bankruptcy and charge a different higher rate for similar services in bankruptcy. Likewise, a real estate broker should not be permitted to charge one type of commission outside of bankruptcy but tack-on numerous additional fees and forms of commissions inside bankruptcy. Northgate fails to provide any evidence that **outside of**

8

**bankruptcy** it includes the Non-Market Terms in its retention agreements and that its non-debtor clients agree to those terms.

Debtors in bankruptcy cases should not be forced to agree, and the Court should not approve, terms that are not regularly obtained by Northgate and other real estate brokers outside of bankruptcy. The Application should be denied, and the Retention Agreement should not be approved.

## CONCLUSION

For the reasons set forth in this Objection, the United States Trustee respectfully requests that the Court deny the Application, decline to approve the Retention Agreement, and grant such other relief as is just.

Dated:   New York, New York
         February 15, 2024

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE, REGION 2

                        By:   */s/ Jeremy S. Sussman*
                              Jeremy S. Sussman, Trial Attorney
                              Office of the United States Trustee
                              Region 2– Brooklyn Division
                              Alexander Hamilton Custom House
                              One Bowling Green, Room 510
                              New York, NY 10004-1408